UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL PARISH,<br><br>    Plaintiff,<br><br>v.<br><br>NYE COUNTY SHERIFF'S OFFICE, SHERIFF ANTHONY DEMEO, NYE COUNTY COMMISSIONERS, CARL M. JOERGER, an unmarried man, ANITA SPRINGS, an unmarried woman, DOES 1 - 100, CORPORATIONS ROE 1 - 100, et al.,<br><br>    Defendants. | 2:10-CV-00522-LRH-RJJ<br><br>ORDER |

Before the court is Defendants Nye County Sheriff's Office, Sheriff Anthony Demeo and Nye County Commissioners' (collectively, the "Nye County Defendants") Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (#8[1]), which is unopposed.

Also before the court are Defendant Carl M. Joerger's Motion to Dismiss (#10) and Defendant Anita Springs' Motion to Dismiss (#11). Plaintiff Michael Parish filed a consolidated opposition (#13), to which Joerger and Springs jointly replied (#14).

///

///

---

[1] Refers to court's docket entry number.

## I. Facts and Procedural History

Appearing pro se, Plaintiff Michael Parish filed this action on April 13, 2010, asserting two causes of action. Count One is an excessive force claim under 42 U.S.C. § 1983 against the Nye County Defendants arising out of Plaintiff's arrest at his residence on April 13, 2008, by deputies of the Nye County Sheriff's Office. Plaintiff essentially alleges that he complied with the deputies' commands and requested them to be careful with him physically because he had a weak back that is easily injured, yet an unidentified officer jumped and landed on Plaintiff's back with his knee and then did so a second time before handcuffing Plaintiff and taking him to jail.

Count Two is asserted against attorney Carl M. Joerger and his assistant, Anita Springs. Plaintiff alleges that he retained Joerger for legal services, that after accepting Plaintiff's retainer Joerger refused to provide legal services or return the money, and that when Plaintiff attempted to recover the money by legal means Joerger made false police reports against him, causing Plaintiff to be arrested. Plaintiff further alleges that Springs "runs 'shotgun' for attorney Joerger by refusing to discuss the case with the client, refusing to set appointments, calling the Nye County Sheriff's Office on clients who do not comply with her orders and refusing to provide detailed billings for the services of attorney Joerger."

## II. Nye County Defendants' Motion to Dismiss

The Nye County Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Rule 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

2

formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

"*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citations omitted). "Dismissal of a pro se complaint without

leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citations omitted).

As the Nye County Defendants contend, the Nye County Sheriff's Office and the Nye County Commissioners lack the capacity to be sued. State law determines a governmental entity's capacity to be sued in federal court. Fed. R. Civ. P. 17(b); *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). Under Nevada law, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (internal quotation marks and citation omitted). Although N.R.S. § 41.031 authorizes suit against "any political subdivision of the State," that authorization does not extend to departments of a municipal government. *See Scheinder v. Elko Cnty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998) ("A Nevada county falls within this definition, but not a sheriff's department."). Thus, because the Nye County Sheriff's Office and the Nye County Commissioners are mere departments of Nye County, they lack the capacity to be sued and will be dismissed from this action with prejudice.

Sheriff Anthony Demeo may be sued under 42 U.S.C. § 1983 for civil rights violations committed under color of state law, but only in his individual capacity, rather than his official capacity, and only for his own misconduct. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) (citing *Monell v. New York City Dept. of Social Servs.* 436 U.S. 658, 691 (1978). Here, Plaintiff has alleged only in conclusory fashion that Demeo approved or corroborated in the unnamed deputies' alleged use of excessive force during his arrest. He has failed to allege any facts tending to establish any personal involvement of Sheriff Demeo, whether in the adoption of an unconstitutional policy or otherwise. Plaintiff has therefore failed to state a claim, and Sheriff Demeo will be dismissed from this action without prejudice.

The Nye County Defendants' motion to dismiss will be granted accordingly. Nonetheless, it is not absolutely clear that Plaintiff could not amend the complaint to state a claim for municipal liability against Nye County itself, as opposed to its departments, to allege specific facts regarding any personal involvement of Sheriff Demeo, or to state a claim against the responsible deputies. Thus, while the dismissal is with prejudice as to the Nye County Sheriff's Department and the Nye County Commissioners, it is otherwise without prejudice and leave to amend will be granted.

**III.  Joerger and Springs' Motions to Dismiss**

Defendants Joerger and Springs each move to dismiss the complaint under Rules 12(b)(4) and (5) for insufficient process and insufficient service of process, respectively. The former addresses the form of summons, while the latter addresses the method of service.

On May 2, 2011, this court granted Plaintiff an extension of time until May 23, 2011 for service of the summons and complaint. (Doc. #5.) On May 13, 2011, Plaintiff submitted affidavits of service; however, those affidavits indicate only that copies of the complaint were served on May 12, 2011, and they make no mention of any summonses. (Doc. #6.) Indeed, no summonses were issued by this court until May 13, 2011, after the complaint was already served. (*See* Doc. #7.) Since that time, Plaintiff has failed to return any proof of service of the summonses. The court therefore finds that Plaintiff has failed to properly serve Joerger and Springs. *See* Fed. R. Civ. P. 4(c)(1) (requiring service of a summons with a copy of the complaint and within the time period allowed by Rule 4(m)).

In granting a Rule 12(b)(4) or (5) motion, the court may either dismiss the action without prejudice, or retain the action, quash the service and permit the plaintiff to cure the defects. *See* Fed. R. Civ. P. 4(m); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). Here, the time period for service has already passed after a generous extension of time had been granted. Furthermore, permitting Plaintiff to reserve Joerger and Springs would be futile. As the defendants also contend, Plaintiff's complaint is also subject to dismissal under Rule 12(b)(6) for

5

failure to state a claim upon which relief can be granted. A person may be held liable for civil rights violations under 42 U.S.C. § 1983 only if the person acted "under color" of state law within the meaning of the statute. Accordingly, § 1983 ordinarily applies only to government officials or to private individuals engaged in joint action with government officials. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008). Here, Joerger and Springs are private citizens, notwithstanding Joerger's status as a licensed member of the bar. And Plaintiff fails to allege any facts tending to show that either person engaged in joint action with government officials. *See id.* (merely complaining to the police does not constitute joint action). Further even if Plaintiff could state a claim under state law for breach of contract or legal malpractice, in the absence of a viable claim under federal law this court would decline to exercise its supplemental jurisdiction over any state law claims. Such claims would have to be pursued in state court.

For these reasons, the court will dismiss the complaint without prejudice as to Joerger and Springs. Nonetheless, because it is not absolutely clear that Plaintiff could not amend the complaint to state a claim, leave to amend will be granted.

IT IS THEREFORE ORDERED that the Nye County Defendants' Motion to Dismiss (#8), Defendant Carl M. Joerger's Motion to Dismiss (#10), and Defendant Anita Springs' Motion to Dismiss (#11) are GRANTED. The complaint is hereby DISMISSED with prejudice as to Defendants Nye County Sheriff's Office and Nye County Commissioners, and without prejudice as to Defendants Sheriff Anthony Demeo, Carl M. Joerger and Anita Springs. Plaintiff shall have 30 days in which to filed an amended complaint, if he chooses to do so.

IT IS SO ORDERED.

DATED this 4th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6